**YORK, Exrx. Plaintiff-Appellee, v. YORK, Defendant-Appellant, and YORK, a minor, Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 1817.   Decided June 20, 1944.

C. W. Magsig, Dayton, O., for Defendant-Appellant
Sam  D. Kelly, Dayton,. O., for guardian  Ad Litem of Nancy Ann York.

### OPINION

By GEIGER, J.

This matter is before this Court on appeal from a judgment of the Probate Court of Montgomery County, Ohio, wherein it decided the issues pending in favor of the defendant-appellee.

On September 20, 1943, Lillian A. York as Executrix of the estate of Chalcie H. York, deceased, filed a petition in the Probate Court of Montgomery County, seeking a determination by that court as to heirship under the provisions of the will of said decedent.

The plaintiff represented that she was the executrix of the estate of her deceased husband, Chalcie H. York, who died testate on the 22nd day of July, 1943, and whose will was admitted to probate on the 4th day of August, 1943. The said decedent died seized of certain real estate described in the petition.

The plaintiff, in her representative capacity, says that Lillian A. York, one of the defendants, was the wife of the testator, and that the defendant, Nancy Ann York, is an adopted child of the testator and Lillian A. York, having been adopted by them on the 12th day of April, 1934, in the Circuit Court of Jackson County, Mo; that she and the said Nancy Ann York are the only heirs of the decedent, and that there are no other persons claiming a share in the estate.

Plaintiff prays that the court determine the heirs of said decedent entitled by law to the inheritance according to the statutes. A copy of the will of Chalcie H. York, decedent, was attached to and made a part of the petition.

On the application of the plaintiff, Sam D. Kelly was appointed as guardian ad litem for Nancy Ann York, a minor under fourteen years of age. Said Guardian ad litem filed the usual guardian's answer, asking that the interest of his ward be protected.

On April 18, 1944, an entry was filed in the Probate Court reciting that the cause coming on for hearing on the plaintiff's petition, the court finds from the pleadings and by construing the last will and testament of Chalcie H. York, that Lillian A. York, the widow of Chalcie H. York, deceased, is entitled to one-half of the net estate and that Nancy Ann York, a minor ten years of age, daughter of Chalcie H. York, deceased, (by adoption) is entitled to receive one-half of the estate.

The defendant-appellee, Lillian A. York, gives notice of appeal to this court from the judgment of the Probate Court on questions of law.

A transcript of docket and jurnal entries is filed in this court, but there is no bill of exceptions, so this court must decide said case solely on the questions of law presented by the pleadings and the attached copy of the will.

## THE WILL

The essential features of the will, some of which we emphasize as of special importance, are

"Item II: I give, devise and bequeath to my wife, Lillian A. York, should she survive me, all the property of whatsoever kind or nature, whether real, personal or mixed, and wheresoever situate, of which I may die seized, possessed, or with power of appointment or disposal by last will and testament, to be hers absolutely and in fee simple.

This item shall continue in full force and effect regardless of whether or not any child or children may hereafter be born to my said wife and myself, as I am confident that my said wife would wisely and amply provide for, maintain and educate any such child or children."

Item III provides:
"Should my said wife, Lillian A. York, not survive me, and should any child or children born to my said wife and myself survive me, I give, devise and bequeath to such child or children share and share alike, all the property and things specified in Item Two herein, to be his, hers or theirs absolutely and in fee simple."

Item IV provides that if neither his wife nor any children "born to us" should survive, he makes certain specific bequests to individuals named in said item. By Item V, he appoints his wife, if she survive him, to be executrix.

The facts such as are set up by pleadings and which may be considered without a Bill of Execeptions are that on the 2nd day of July, 1931, the decedent made his will, and that at the time of making the same, he and his wife Lillian A. York had no children. On January 18, 1934, he and his wife filed a petition for the adoption of Annette Wells, born on December 29, 1933. The petition was granted by the Circuit Court of Jackson County, Mo. on the 12th day of April, 1934, and the name of the child was changed from Annette Wells to Nancy Ann York. On July 22, 1943, the decedent, Chalcie H. York died, and his will was afterwards probated and the executor appointed. The estate included three pieces of real estate, which were sold by the executrix. Thereupon the executrix filed her petition for the determination of heirship and in due course, the Probate Court rendered his opinion, the finding of which has already been cited.

## THE LAW

At the time of the execution of the will on the 2nd day of July, 1931, §10561 G C was in full force and effect, the pertinent parts being as follows:

"If the testator had no children at the time of executing his will, but afterward has a child living or born alive after his death, such will shall be revoked, unless provision has been made for such child by some settlement ,or he is provided for in the will, or in such way mentioned therein as to show an intention not to make such provision. No other evidence to rebut the presumption of revocation shall be received."

When Chalcie H. York died the above §10561 G C had been repealed and the new Probate Code was in effect and this Section became a part of G C 10504-49, the pertinent parts of which are:

"AFTERBORN OR PRETERMITTED HEIRS: EFFECT ON WILL. If after making a last will and testament, (a) the testator has a child born alive, or (b) the testator adopts a child, or (c) and (d) (of no importance here) ***, and no provision has been made in such will or by settlement for such pretermitted child or heir, or for the issue thereof; the will shall not on that account be revoked, **but unless it shall appear by such will that it was the intention of the testator to disinherit such pretermitted child or heir,** the devises and legacies by such will granted and given shall be abated proportionately (or in such other manner as may be found necessary to give effect to the intention of the testator as shown by the will) so that such pretermitted child or heir will receive a share equal to that which such person would have been entitled to receive out of the estate if such testator had died intestate. * * * * *"

Thus measured by the law of intestate succession, the portion taken by a pretermitted child or heir shall be considered as a testate succession.

At the time of the execution of the will, General Code §§8029 and 8030 were in force. **Section 8029** provided that after the provision of the adopting statutes are complied with, the probate court shall make an order

"decreeing that, from that date to all legal intents and purposes, such child is a child of the petitioner."

**Section 8030 G C** provides:

"Such child shall be the child and legal heir of the person so adopting him or her, entitled to all the rights and privileges, and **subject to all the obligations of a child** of such person begotten in lawful wedlock."

On January 1, 1932, these two last named sections were repealed and the provisions thereof were reenacted in our present **General Code §§10512-17, 18** and **19. Section 10512-17 G C** provides that if the court is of the opinion that the facts are true and that the petitioner or petitioners are of good moral character, and of the ability to maintain the child sought to be adopted and that the best interest of the child will be promoted and that such child is found to be suitable for adoption, then the court shall make a decree reciting the facts at length and the name by which the child shall be known. **Subsection 18** provides for the proper record and **subsection 19** provides for the rights and duties of the adopting parents and the adopted child, the substance of which is that the child shall be invested with every legal right in reference to maintenance as if it had been born to the parties in lawful wedlock, and the child should be invested with every legal right, privilege and obligation and relation in regard to education, maintenance and the rights of inheritance to real estate or to the distributive share of personal estate on the death of such adopting parents as if born to them in lawful wedlock, with certain limiting provisions.

In the Assignment of Errors, it is claimed that

"First: The Probate Court failed to give effect to the plain and manifest intention of the testator, as disclosed by the will. And

Second: The Probate Court, in construing the will of Chalcie H. York, considered only a part of the will."

We have before us the opinion of the Probate Court, for whose opinions we have always had high regard. He states that the question for the Court to determine is what interest Lillian A. York and the adopted child, Nancy Ann York, take

under the last will and testament of Chalcie H. York. He quotes the provisions of the will and again states the question for the court to determine to be whether the adopted child, Nancy Ann York, is excluded from participating in this estate by reason of the provisions in the second paragraph of Item II, wherein the testator intended to exclude "any child or children" which may "hereafter be born to my said wife and myself". The Judge points out that the effect of this provision is determined by the statutory law in effect at the death of the testator and not at the time of the execution of his will. With respect to the interest taken by the beneficiary, the law in effect at the time of death controls, although in determining the intention of the testator, the court has a right to, and should take into consideration facts and circumstances existing at the time of the execution of the will.

The Court then quotes at length §10504-49 GC, and remarks that the testator was charged with the knowledge of the application of this law to the provisions of his will, and the distribution of his estate.

The Court quotes §10512-19 GC and remarks that it is contended and rightly so, that this Section places an adopted child on the same level as a child born to the adopted parents in lawful wedlock with regard to the rights of inheritance from the parents. The Court states if the testator had used language which did not confine the provisions to the children **born** to the testator and his wife, but which were general in terms, such general terms would have been sufficient to embrace an adopted child. However, the provisions of §10519-19 GC do not prevail over the unambiguous provisions of the will of the testator wherein he limits the exclusion to a particular class, the class being "a child or children born to my wife and myself". The Court concludes that applying the law as he has quoted it, Nancy Ann York is entitled to the share of the estate of her adopted father which she would have received had he died intestate, and that the interest which he gave to his wife must partially abate in order to provide the interest which is to be received by Nancy Ann York. The Judge has presented the matter quite strongly in favor of Nancy Ann sharing in the estate of her adopted father, Chalcie H. York. However, we are of the opinion that he has lost sight of a very important provision of the Statutes, §10504-49 GC which provides:

"(d) * * *, and no provision has been made in such will or by settlement for such pretermitted child or heir or for the

issue thereof; the will shall not on that account be revoked, but, unless it shall appear by such will that it was the intention of the testator to disinherit such pretermitted child or heir, the devises and legacies by such will granted and given shall be abated proportionately."

There are not many Ohio cases pertaining to the question here presented. The case of **Rhodes v. Weldy, 46 Oh St 234,** discusses the then existing statute in reference to the requirement that a provision be made for the children. The Court, directing its attention particularly to the exceptions states;

"unless provision shall have been made for such child by some settlement, or unless such child shall have been provided for by the will or in such way mentioned therein as to show an intention not to make such provisions, and no other evidence to rebut the presumption or revocation, shall be received."

Judge McClelland of the Probate Court of Franklin County in the case of **City National Bank, etc. v. Bess M. Kelly, et al., 19 OO 231,** considers the question as to whether or not a provision had been made for a child adopted after the making of the will. In considering the case, he cites a large number of pertinent cases from other states, none of which, however, are directly in point with the one being considered by him that there was a settlement and provision made for the child.

The word "pretermitted" child appears frequently in the section of the statute in question, and is an unusual term.

"The word 'pretermitted' means to 'pass by', 'to omit', 'to disregard'. The statute was enacted not to control the right of the testator to dispose of his estate according to a plan of his own, but to guard against carelessness and oversight in those, who, having written their wills, afterwards have children born until them and fail to make provision for them. But if there be in the language of the testament a clear indication that there has been no oversight or omission, and that the testator has chosen to distribute his estate unequally among his children, or even to exclude some of them entirely, it is not the policy of the law to interfere with his right to do so." Porter v. Porter 120 Ky. 302.

"To pretermit is to pass by, to omit, to disregard. If the intention to exclude appears upon the face of the will, the child has not been omitted or passed by. If the child has been pro-

vided for by the will, the value of the provision is not the subject of inquiry by the court, for, however inadequate the provision may be, it would yet be true that the child was not pretermitted, had not been omitted. passed by or disregarded." Allison v. Allison, 101 Va. 537, 569, found in the case of Ramsey v. Saunders 114 W. V. 591, 594.

The testator in this case did not omit or pass by any unborn child or children  He stated very definitely, after giving all of his property to his wife in fee simple:

"This item shall continue in full force and effect regardless of whether or not any child or children may hereafter be born to my said wife and myself, as I am confident that my said wife would wisely and amply provide for, maintain and educate any such child or children."

It is claimed and decided by the trial court that inasmuch as the testator provided only for the event of the **birth** of a child or children to himself and his wife, that this provision does not effect the will as the same applies to **adopted** children. With this we disagree.  It cannot be conceived that the testator would exclude from participation in his property his own children and permit a stranger to his blood who came to him through the process of adoption only, to step into a more favorable position than his own blood.  When he excluded his after born children, he excluded also those who may be adopted.  We think that it would be manifestly unjust to the testator's right to dispose of his property as he might see fit, to say that because he did not mention in his will "a child or children **adopted** by myself and my wife" that he makes a preference for an adopted child as compared to his own blood.  **Section 10512-19 GC** definitely places an adopted child on the same plane as a natural child, giving them the same benefits and obligations. We have already quoted this statute so that we need not now repeat.  This statute gives to the adopted child or children benefits equal to those enjoyed by the natural children, but they do not, in any way, give to such adopted child any special privileges over the natural children.

In the case at bar, had there been one or more children born to this couple, they would have been excluded from participating in testator's estate under the provisions of the will while the adopted child would enjoy the estate.

The court below has held that Nancy Ann is entitled to one-half of testator's estate and her mother to the other one-half. Had there been children born in lawful wedlock to the couple, they would have gotten nothing under the will. This, we cannot conceive to be a situation that the testator contemplated and we are of the opinion that this deplorable result from the omission in his will of reference to an adopted child is a very good argument that he intended to disinherit the adopted child, even though she be not designated, except as she may fall within the class of children whose inheritance is deferred to that of the mother by the definite provisions of the will.

In addition to the cases cited, we have made a study of the cases found in 105 ALR 1176 and 127 ALR 750, etc. See also Verrinder v. Winter, 98 Wisc. 287.

Decision of the Probate Court reversed and cause remanded.

BARNES, P. J. and HORNBECK, J. concur.