DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, James Alan Baker, appeals the judgment of the Lorain County Probate Court. This Court affirms.
 I. {¶ 2} This case involves the probate of the estate of James R. Baker ("JRB"). JRB executed his will on December 22, 1980. At the time JRB executed his will he had five children and was married to Jeanie Irene Baker ("Jeanie"). Under a section of his will entitled "Item I", JRB left his entire estate to Jeanie and made no provision for any of his existing children. In Item I, JRB specifically addressed after-born children, stating: *Page 2 
 "I * * * specifically disinherit any child or children born or adopted by me hereafter, having full faith and trust that my wife will adequately provide for them."
 {¶ 3} In a section of his will entitled "Item II", JRB provided that if Jeanie predeceased him or failed to survive him by ninety days, "then Item I shall fail, and be of no effect, and in that event" he bequeathed $1000 to three of his children, Appellee Ellen Baker, Appellee James Baker, Jr., and Gary Baker and the residue of his estate to his other two children, Appellant, James Alan Baker ("J.A."), and Appellee Sherrie Baker.
 {¶ 4} Appellee, Courtney Lee Baker ("Courtney"), was born on August 16, 1986. Thereafter, JRB divorced Jeanie on May 15, 1989. On November 16, 1990, JRB married Courtney's mother, Debbie Decost. Thereafter, JRB adopted Courtney. JRB divorced Debbie on August 17, 1996. JRB married Appellee Irena Baker ("Irena") on May 25, 2003. JRB passed away on December 17, 2003. JRB's son, Gary, predeceased him.
 {¶ 5} JRB's will was admitted to probate on January 15, 2004. J.A. was appointed as the administrator of the will. On May 6, 2004, Irena elected to take against JRB's will. On September 22, 2005, the probate court ordered that Irena and Courtney evenly divide their family allowance provided under R.C. 2106.13, in the amount of $40,000. On June 5, 2006, J.A. filed his second and final distributive account with the probate court, which reflected a $20,000 distribution to Courtney. On July 6, 2006, Courtney filed her exceptions to the final account, *Page 3 
alleging that she was a pretermitted heir as defined under R.C.2107.34 and arguing that she was entitled to an additional share of the estate.
 {¶ 6} On September 29, 2006, the magistrate issued a decision, finding that Item I of JRB's will disinherited a limited class of after-born children which included those children born only to JRB and Jeanie. The probate court reasoned that because Courtney is not Jeanie's child, she is not a member of the after-born class of children disinherited by Item I. J.A. timely filed a request for findings of fact and conclusions of law. On October 24, 2006, the trial court recommitted the matter to the magistrate for further hearings to determine specific dates of JRB's marriages, divorces and any adoptions subsequent to the execution of the will. The magistrate held a second hearing on November 15, 2006. On December 5, 2006, the magistrate issued its additional findings of fact, determining that Courtney was not excluded by Item I of JRB's will. The magistrate further found that Courtney was entitled to one fifth of the total amount available for distribution. On December 19, 2006, J.A. filed objections to the magistrate's decision. On January 17, 2007, the trial court affirmed the magistrate's decision. J.A. timely appealed the trial court's decision affirming the magistrate's decision. J.A. has raised two assignments of error which we have combined to facilitate our review.
 II. ASSIGNMENT OF ERROR I *Page 4 "THE PROBATE COURT ERRED WHEN IT DETERMINED THAT COURTNEY LEE BAKER WAS A PRETERMITTED HEIR PURSUANT TO R.C. § 2107.34."
 ASSIGNMENT OF ERROR II "THE PROBATE COURT ERRED WHEN IT DETERMINED THAT JAMES R. BAKER DID NOT INTEND TO DISINHERIT COURTNEY LEE BAKER."
 {¶ 7} In J.A.'s assignments of error, he contends that the probate court erred in determining that Courtney was a pretermitted heir pursuant to R.C. 2107.34 and similarly, that the probate court erred in determining that JRB did not intend to disinherit Courtney. We disagree.
 {¶ 8} The interpretation of wills is a question of law, and thus when determining intent and interpreting the terms of a testamentary trust, courts apply a de novo standard of review. Summers v. Summers (1997),121 Ohio App.3d 263, 267, citing McCulloch v. Yost (1947),148 Ohio St. 675, 677. The well-settled rules for determination of intent of a testatrix are set forth in Ohio Natl. Bank of Columbus v. Adair (1978),54 Ohio St.2d 26, 30, which states as follows:
 "1. In the construction of a will, the sole purpose of the court should be to ascertain and carry out the intention of the testator.
 "2. Such intention must be ascertained from the words contained in the will.
 "3. The words contained in the will, if technical, must be taken in their technical sense, and if not technical, in their ordinary sense, unless it appears from the context that they were used by the testator in some secondary sense.
 "4. All the parts of the will must be construed together, and effect, if possible, given to every word contained in it." Id., quoting *Page 5 Townsend's Exrs. v. Townsend (1874), 25 Ohio St. 477, paragraphs one through four of the syllabus.
 {¶ 9} We begin our analysis by examining the definition of pretermitted heir under R.C. 2107.34, which provides:
 "If, after making a last will and testament, a testator has a child born alive, or adopts a child * * * and no provision has been made in such will or by settlement for such pretermitted child or heir, or for the issue thereof, the will shall not be revoked; but unless it appears by such will that it was the intention of the testator to disinherit such pretermitted child or heir, the devises and legacies granted by such will, except those to a surviving spouse, shall be abated proportionately, or in such other manner as is necessary to give effect to the intention of the testator as shown by the will, so that such pretermitted child or heir will receive a share equal to that which such person would have been entitled to receive out of the estate if such testator had died intestate with no surviving spouse, owning only that portion of the testator's estate not devised or bequeathed to or for the use and benefit of a surviving spouse. If such child or heir dies prior to the death of the testator, the issue of such deceased child or heir shall receive the share the parent would have received if living.
 "* * *
 "Though measured by Chapter 2105. of the Revised Code, the share taken by a pretermitted child or heir shall be considered as a testate succession. This section does not prejudice the right of any fiduciary to act under any power given by the will, nor shall the title of innocent purchasers for value of any of the property of the testator's estate be affected by any right given by this section to a pretermitted child or heir."
 {¶ 10} The Second District Court of Appeals examined the definition of pretermitted heir in York v. York (1944), 42 Ohio Law Abs. 242, explaining, "[t]he word `pretermitted' means to `pass by,' `to omit,' `to disregard.'" The York court explained that the pretermitted child statute "was enacted not to control the right *Page 6 
of the testator to dispose of his estate according to a plan of his own, but to guard against carelessness and oversight in those who, having written their wills, afterwards have children born unto them and fail to make provision for them." Id. According to the Second District, if the testamentary document evidences "a clear indication" that the testator purposefully decided to "distribute his estate unequally among his children, or even to exclude some of them entirely, it is not the policy of the law to interfere with his right to do so." (Internal citations and quotations omitted.) Id.
 {¶ 11} J.A. contends that Courtney falls squarely within the class of after-born or subsequently adopted children identified in Item I of the will that JRB disinherited. J.A. argues that the fact that Courtney was not Jeanie's child is of no consequence. He asserts that Ellen, James Jr., and Gary were also not Jeanie's children, yet they were specifically disinherited. J.A. claims that because his father specifically considered and mentioned the potential class of after-born or subsequently adopted children in his will, of which Courtney was a member at the moment of his death, she was not a pretermitted heir. We find no merit in these assertions.
 {¶ 12} R.C. 2107.33 provides the instances under which a will must be revoked and states, in relevant part:
 "(D) If after executing a will, a testator is divorced, obtains a dissolution of marriage, has the testator's marriage annulled, or, upon actual separation from the testator's spouse, enters into a separation agreement pursuant to which the parties intend to fully *Page 7 
and finally settle their prospective property rights in the property of the other, whether by expected inheritance or otherwise, any disposition or appointment of property made by the will to the former spouse or to a trust with powers created by or available to the former spouse, any provision in the will conferring a general or special power of appointment on the former spouse, and any nomination in the will of the former spouse as executor, trustee, or guardian shall be revoked unless the will expressly provides otherwise.
 "(E) Property prevented from passing to a former spouse or to a trust with powers created by or available to the former spouse because of revocation by this section shall pass as if the former spouse failed to survive the decedent, and other provisions conferring some power or office on the former spouse shall be interpreted as if the spouse failed to survive the decedent. If provisions are revoked solely by this section, they shall be deemed to be revived by the testator's remarriage with the former spouse or upon the termination of a separation agreement executed by them."
 {¶ 13} Pursuant to R.C. 2107.33(D), the bequest to Jeanie under Item I was legally invalidated upon her divorce from JRB. Accordingly, the clause contained in Item I, providing "I * * * specifically disinherit any child or children born or adopted by me hereafter, having full faith and credit and trust that my wife will adequately provide for them", fails. Item II of the will is, therefore, applicable.
 {¶ 14} In our review, we are charged with ascertaining and carrying out JRB's intent as ascertained from the specific words contained in the will. Ohio Natl. Bank of Columbus, 54 Ohio St.2d at 30. An examination of JRB's will reflects that under Item I, he treated all his children the same, whether currently existing or children born or adopted by him thereafter. Under Item I, JRB left his entire estate to Jeanie, his then wife, whom he trusted to provide for these existing *Page 8 
and/or after-born children. Item II bequests JRB's entire estate to his children by name, albeit in different proportions. Item II of the will contains no statement of disinheritance.
 {¶ 15} We find that the trial court reached the correct result in holding that Courtney is a pretermitted heir. We reach this result for different reasons. An appellate court shall affirm a trial court's judgment that is legally correct on other grounds, that is, one that achieves the right result for the wrong reason, because such an error is not prejudicial. Reynolds v. Budzik (1999), 134 Ohio App.3d 844, 846, at fn. 3, citing Newcomb v. Dredge (1957), 105 Ohio App. 417, 424;State v. Payton (1997), 124 Ohio App.3d 552, 557. Here, the trial court's decision rested on its analysis of Item I. The trial court failed to recognize that Item I was legally invalidated upon Jeanie and JRB's divorce. However, the trial court's ultimate conclusion that Courtney is a pretermitted heir is supported by application of Item II.
 {¶ 16} Courtney was born and adopted by JRB after he executed his will. Item II, which applies in accordance with the revocation of Item I, reflects that JRB made no provision for an after-born child such as Courtney. However, this section also contains no statement disinheriting an after-born child. We find no "clear indication" in Item II that JRB purposefully excluded Courtney. York, supra. Accordingly, we find no error in the trial court's determination that JRB did not intend to disinherit Courtney. Pursuant to R.C. 2107.34, Courtney is *Page 9 
entitled to "receive a share equal to that which [she] would have been entitled to receive out of the estate if [JRB] had died intestate[.]" Accordingly, we agree with the result the trial court reached. J.A.'s assignments of error are overruled.
 III. {¶ 17} J.A.'s assignments of error are overruled. The judgment of the Lorain County Probate Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to Appellant. *Page 10 
CARR, P. J. BAIRD, J. CONCUR
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.) *Page 1