[Cite as *Fifth Third Bank v. CHGC, Inc.*, 2016-Ohio-5767.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| FIFTH THIRD BANK | C.A. No. 14CA0126-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CHGC, INC., et al. | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 14 CIV 0144 |

DECISION AND JOURNAL ENTRY

Dated: September 12, 2016

WHITMORE, Judge.

{¶1} Appellant, CHGC, Inc. ("CHGC"), appeals from the judgment of the Medina County Court of Common Pleas appointing a receiver. This Court affirms.

I

{¶2} CHGC owns and operates Coppertop at Cherokee Hills, which is a golf course, restaurant, and banquet facility. From 2006 until 2012, CHGC obtained multiple loans from Fifth Third Bank ("Fifth Third"). These loans were secured by mortgages on the property and a UCC financing statement.

{¶3} In 2014, Fifth Third filed a complaint to, inter alia, foreclose the commercial mortgages and appoint a receiver. CHGC filed a Chapter 11 bankruptcy which stayed the matter for a number of months. After the case was reactivated, Fifth Third filed a motion to appoint a receiver. Along with its motion, Fifth Third submitted a proposed entry.

**{¶4}** CHGC opposed the motion and, after receiving leave of court, filed an answer and counterclaim. The mortgages contained multiple provisions regarding the appointment of a receiver. Among the remedies provided for upon default, Section 5.1(f) of the mortgages states:

> Mortgagee may apply for the appointment of a receiver, custodian, trustee, liquidator or conservator of the Property to be vested with the fullest powers permitted under applicable law, as a matter of right and without regard to, or the necessity to disprove, the adequacy of the security for the indebtedness or the solvency of Mortgagor or any other person liable for the payment of the indebtedness, and Mortgagor and each such person liable for the payment of the indebtedness consents or shall be deemed to have consented to such appointment.

Similarly, Section 5.5 of the mortgages states:

> Without limiting the application of Section 5.1 of this Mortgage, upon, or at any time after, the filing of a suit to foreclose this Mortgage, Mortgagee shall be entitled to have a court appoint a receiver of the Property. Such appointment may be made either before or after sale, without notice to Mortgagor or any other person, without regard to the solvency of the person or persons, if any, liable for the payment of the indebtedness and without regard to the then value of the Property, and Mortgagee may be appointed such receiver. The receiver shall have the power to collect the rents, issues and profits of the Property during the pendency of such foreclosure suit, as well as during any further times when Mortgagee, absent the intervention of such receiver, would be entitled to collect such rents, issues and profits, and all other powers which may be necessary or are usual in such cases for the protection, possession, control, management and operation of the Property during the whole of such period. The court from time to time may authorize the receiver to apply net income in the Receiver's hands in payment in whole or in part of the indebtedness, or in payment of any tax, assessment or other lien that may be or become superior to the lien hereof or superior to a decree foreclosing this Mortgage, provided such application is made prior to foreclosure sale.

**{¶5}** The trial court granted Fifth Third's motion to appoint a receiver, but stayed the appointment pending this appeal. On appeal, CHGC raises three assignments of error for review. To facilitate the analysis, we consolidate and rearrange some assignments of error.

II

Assignment of Error Number Two

THE TRIAL COURT ERRED IN APPOINTING A RECEIVER PURSUANT TO OHIO R.C. § 2735.01(B) BECAUSE THERE WAS NO FINDING THE PROPERTY WAS IN DANGER OF BEING LOST, REMOVED OR MATERIALLY INJURED AND THERE WAS NO FINDING THE PROPERTY WAS PROBABLY INSUFFICIENT TO DISCHARGE THE MORTAGE DEBT.

Assignment of Error Number Three

THE TRIAL COURT ERRED IN APPOINTING A RECEIVER PURSUANT TO OHIO R.C. § 2735.01(F) SINCE APPELLANT DID NOT HAVE RENTS, ISSUES AND PROFITS FROM THE REAL ESTATE AND HAD A DETAILED PENDING COUNTERCLAIM FILED PRIOR TO THE ORDER APPOINTING THE RECEIVER.

{¶6} In its second and third assignments of error, CHGC argues that a receiver should not have been appointed under R.C. 2735.01. We disagree.

{¶7} We review a trial court's decision appointing a receiver under an abuse-of-discretion standard. *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 73 (1991). An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶8} R.C. 2735.01[1] lists various circumstances under which a receiver may be appointed, including:

(B) In an action by a mortgagee, for the foreclosure of his mortgage and sale of the mortgage property, when it appears that the mortgaged property is in danger of being lost, removed, or materially injured, or that the condition of the mortgage has not been performed, and the property is probably insufficient to discharge the mortgage debt;

* * *

---

[1] R.C. 2735.01 was amended by 2014 Sub. H.B. No. 9. We quote from the prior version, which was in effect when the order appointing a receiver was entered.

(F) In all other cases in which receivers have been appointed by the usages of equity.

Former R.C. 2735.01.

{¶9} A party applying for the appointment of a receiver need only establish one of the bases supporting the appointment. "R.C. 2735.01(B) provides alternative criteria for appointing a receiver: either (1) 'the mortgaged property is in danger of being lost, removed, or materially injured,' or (2) 'the condition of the mortgage has not been performed, and the property is probably insufficient to discharge the mortgage debt.'" *Huntington Natl. Bank v. PRS Invests., L.L.C.*, 6th Dist. Lucas No. L-12-1080, 2013-Ohio-2245, ¶ 6, quoting former R.C. 2735.01(B). In the present case, Fifth Third met the requirements of the second alternative.

{¶10} The parties may "contractually waive[] the R.C. 2735.01(B) provision requiring a finding of whether the property could discharge the debt." *Metropolitan Sav. Bank v. Papadelis*, 9th Dist. Medina No. 2380-M, 1995 WL 542214, *3 (Sept. 13, 1995). When a mortgage waives the statutory provision, the dispositive issue becomes whether the mortgagor is in default. *See Cypress Sav. Assn. v. Richfield Associates*, 9th Dist. Summit No. 13679, 1989 WL 21260, *2 (Mar. 8, 1989).

{¶11} In the present case, CHGC agreed in its mortgages that, if it defaulted, Fifth Third could seek a receiver "without regard to * * * the adequacy of the security for the indebtedness" and "without regard to the then value of the Property." Thus, CHGC contractually waived the R.C. 2735.01(B) provision requiring a finding of whether the property could discharge the debt. Therefore, the dispositive issue was whether a default had occurred.

{¶12} Fifth Third attached an affidavit from an assistant vice president and workout officer to its motion for the appointment of a receiver. She averred that CHGC had defaulted by failing to make payments due. CHGC did not deny the default or submit any evidence

demonstrating a lack of default in opposition. Consequently, the trial court did not abuse its discretion in appointing a receiver under R.C. 2735.01(B).

{¶13} As it relates to R.C. 2735.01(F), CHGC acknowledges that a borrower's consent in a mortgage can be an adequate, equitable basis for the appointment of a receiver. Nonetheless, it argues that it was inequitable to appoint a receiver when it had a pending counterclaim. CHGC contends that, if it succeeds on its counterclaim, the "mortgage balances could be reduced to nothing or at least far below the value of the real estate." Essentially, CHGC argues that, if its debt is determined to be lower, then the property might be sufficient to discharge that debt. This argument overlaps CHGC's challenge under R.C. 2735.01(B). As previously explained, the trial court was not required to determine whether the property was sufficient to discharge the debt because the parties waived that requirement in the mortgages. The parties briefed the waiver issue to the trial court and, even though the trial court did not address it in its judgment entry, "[w]e are empowered to affirm the judgment of the trial court on grounds other than those relied upon by the trial court." *Ramco Specialties, Inc. v. Pansegrau*, 134 Ohio App.3d 513, 521 (9th Dist.1998); *see also In re Estate of Baker*, 9th Dist. Lorain No. 07CA009113, 2007-Ohio-6549, ¶ 15 ("appellate court shall affirm a trial court's judgment that is legally correct on other grounds" as there is no prejudice.)

{¶14} CHGC also argues that it was inequitable to appoint a receiver because it alleges that the mortgages limited any receiver's power to the collection of rents, issues and profits. This argument goes to the scope of the receivership, which will be addressed in the disposition of CHGC's assignment of error number one below.

{¶15} Finally, CHGC lodges a series of vague criticisms against the trial court for adopting the proposed entry that was submitted with Fifth Third's motion. Primarily, CHGC

focuses on when the order was prepared relative to when its answer, counterclaim, and opposing brief were filed. The order states that the court reviewed the complaint, motion to appoint a receiver, and exhibits. It further states that the court "considered the pleadings and statements of counsel" and found the motion well-taken. It is undisputed that the entry was not signed by the trial court until after both parties had a full opportunity to present their arguments. CHGC does not cite any authority requiring a trial court to list each filing and piece of evidence that it reviewed in reaching its decision, nor does it cite any authority prohibiting the use of a proposed entry. *See* App.R. 16(A)(7). As CHGC has not cited any legal authority in support of its contentions, this portion of its assigned errors is also not well-taken.

{¶16} CHGC's second and third assignments of error are overruled.

Assignment of Error Number One

THE TRIAL COURT ERRED IN APPOINTING A RECEIVER BECAUSE THE MORTGAGES AUTHORIZE THE COLLECTION OF RENTS, ISSUES AND PROFITS OF APPELLANT'S REAL ESTATE BUT APPELLANT'S REVENUES ARE NOT RENTS, ISSUES OR PROFITS.

{¶17} CHGC explains its argument under its first assignment of error as follows: "CHGC is not arguing a receiver should not have been appointed in this Assignment of Error. CHGC is arguing that the order gave rights to the receiver not contained in the mortgage." We disagree.

{¶18} CHGC focuses on the following phrase in Section 5.5 of the mortgages: "The receiver shall have the power to collect the rents, issues and profits of the Property." CHGC contends that its revenues are derived from services and merchandise sales and, therefore, do not meet the definition of rents, issues or profits. According to CHGC, "rents, issues and profits" are intended to protect a mortgagee's interest in the real estate itself and do not extend to revenues derived from services even if partly derived from use of the real estate. Fifth Third, on the other hand, asserts that the word "profits" broadens the receiver's authority beyond the collection of

rents. In support of their respective positions, the parties cite various out-of-state and federal cases primarily interpreting bankruptcy law.

{¶19} We need not determine the meaning of the phrase "rents, issues and profits" in this case because their collection is not the only power to be granted to a receiver under the mortgages. Section 5.5 also states that the receiver "shall have * * * all other powers which may be necessary or are usual in such cases for the protection, possession, control, management and operation of the Property." Moreover, Section 5.5 begins by stating that it is not "limiting the application of Section 5.1." Section 5.1(f) provides that an appointed receiver "be vested with the fullest powers permitted under applicable law." CHGC has not addressed either of these provisions in its arguments.

{¶20} R.C. 2735.04 lists various powers that a receiver has under Ohio law. The Ohio Supreme Court has interpreted R.C. 2735.04 "as enabling the trial court to exercise its sound judicial discretion to limit or expand a receiver's powers as it deems appropriate." *State ex rel. Celebrezze*, 60 Ohio St.3d at 74. Thus, CHGC has the burden on appeal to demonstrate that the trial court abused its discretion in its grant of power to the receiver. *See id.* CHGC has not argued that any of the powers granted to the receiver by the trial court exceed those permitted by Ohio law. Rather, CHGC argued only that the receiver was granted power beyond that specified in one provision of the mortgage. As other provisions in the mortgage permitted a broader grant of power, CHGC has not demonstrated that the trial court abused its discretion.

{¶21} CHGC's first assignment of error is overruled.

### III

{¶22} CHGC's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETH WHITMORE
FOR THE COURT

SCHAFER, J.
CONCURS.

CARR, P. J.
DISSENTING.

{¶23} I respectfully dissent. Although I agree with the majority at ¶ 15 that a trial court is not ordinarily required "to list each filing and piece of evidence that it reviewed in reaching its decision," nor is it prohibited from using a proposed entry, the trial court in this case signed a proposed entry that did, in fact, specifically list the filings it reviewed. None of CHGC's filings

were listed in the entry. This is troubling given that a trial court speaks only through its journal entries, *Infinite Security Solutions, L.C.C. v. Karam Properties, II, Ltd.*, 143 Ohio St.3d 346, 2015-Ohio-1101, ¶ 29, in addition to the fact that the trial court did not find that the requirements of R.C. 2735.01 were either satisfied or waived in this case. Consequently, I would sustain CHGC's second and third assignments of error and reverse.


APPEARANCES:

JONATHAN P. BLAKELY, Attorney at Law, for Appellant.

JEANNA M. WEAVER and DAVID L. VAN SLYKE, Attorneys at Law, for Appellee.