**[Cite as *In re D.R.*, 2019-Ohio-4658.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IN RE: D.R.

C.A. No.     29454

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DN-18-10-1008

DECISION AND JOURNAL ENTRY

Dated: November 13, 2019

SCHAFER, Judge.

{¶1}    Appellant, the guardian ad litem ("GAL") of minor child D.R., appeals from a judgment of the Summit County Court of Common Pleas, Juvenile Division, that vacated its prior adoption of a magistrate's decision that placed D.R. in the legal custody of the maternal great-grandmother ("Grandmother").  For reasons other than those set forth by the trial court, this Court affirms.

I.

{¶2}    D.G. ("Father") is the biological father of D.R., born July 6, 2018.  The child's mother ("Mother") did not join in Father's objection to the magistrate's decision and has not filed a brief in this appeal.

{¶3}    Summit County Children Services Board ("CSB") has been involved with D.R. since shortly after her birth due to concerns about Mother's drug use, mental health, and lack of bond with the child; as well as reports of domestic violence between Mother and Father.  D.R.

was removed from Mother's custody when she was a few weeks old, but that case was later closed because of statutory time constraints.

{¶4} On October 11, 2018, CSB filed a complaint in this case, alleging that three-month-old D.R. was an endangered, neglected, and dependent child because of ongoing concerns about Mother's ability to care for the child. D.R. was later adjudicated dependent and placed in the temporary custody of Grandmother under an order of protective supervision by CSB.

{¶5} CSB later moved to place D.R. in the legal custody of Grandmother. The case was referred to mediation, where the parties purportedly reached an agreement to place the child in the legal custody of Grandmother. On May 10, 2019, a review hearing was held before a magistrate. Mother was not physically present at the hearing, but her appointed counsel was there, and Mother participated in the hearing via telephone. Father was represented by trial counsel, but he did not personally appear or participate in the hearing through other means of direct communication.

{¶6} Those present at the hearing informed the court that the parties were all in agreement with the child being placed in the legal custody of Grandmother. The magistrate personally addressed Mother and Grandmother, both of whom expressed agreement with Grandmother becoming the child's legal custodian.

{¶7} The magistrate did not inquire of Father because he did not participate in the hearing. Father's trial counsel stated that she had spoken to Father the prior evening and that he had agreed to the mediated agreement to place the child in the legal custody of Grandmother.

{¶8} On May 15, 2019, the magistrate issued a decision to grant CSB's motion to place D.R. in Grandmother's legal custody, explaining that all parties had agreed that the disposition was in the child's best interest. The trial court adopted that decision the same day.

{¶9}    Fourteen days later, Father's trial counsel filed an objection to the magistrate's decision.  Counsel explained that she had inadvertently misrepresented to the court that Father agreed that D.R. should be placed in Grandmother's legal custody.  She explained that, although Father had expressed his agreement the day before the hearing, he called her after the hearing and said that he had changed his mind and wanted to seek legal custody of D.R.  Father's trial counsel requested that the trial court stay the legal custody judgment and hold a contested dispositional hearing on the competing dispositional motions to place D.R. in the legal custody of Father or Grandmother,

{¶10}   Shortly afterward, the trial court ruled on Father's objection.  The trial court construed Father's objection as a Civ.R. 60(B) motion for relief from judgment and granted Father relief from the legal custody judgment.  The GAL appeals and raises one assignment of error.

## II.

### ASSIGNMENT OF ERROR

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING FATHER'S MOTION FOR RELIEF FROM JUDGMENT UNDER CIV.R. 60(B).

{¶11}   The GAL argues that the trial court erred in granting Father relief from judgment under Civ.R. 60(B) because, among other reasons, Father failed to comply with the requirements of Civ.R. 60(B).  To prevail on a Civ.R. 60(B) motion for relief from judgment, a movant must demonstrate: (1) a meritorious defense or claim to present if relief is granted; (2) that he is entitled to relief under one of the grounds stated in Civ.R. 60(B); and (3) that the motion is made within a reasonable time.  *GTE Automatic Elec., Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146, 150 (1976).

{¶12} Although Father may not have complied with the requirements of Civ.R. 60(B), it was unnecessary for the trial court to construe his request as one filed pursuant to Civ.R. 60(B) because Father filed a timely objection to the magistrate's decision. It is well settled that "[a]n appellate court shall affirm a trial court's judgment that is legally correct on other grounds, that is, one that achieves the right result for the wrong reason, because such an error is not prejudicial." *In re Estate of Baker*, 9th Dist. Lorain No. 07CA009113, 2007-Ohio-6549, at ¶ 15.

{¶13} Father's counsel filed a timely objection, asserting that she had mistakenly informed the magistrate that Father agreed with Grandmother receiving legal custody. The magistrate's decision in this case was not the result of a contested best interest hearing but was based on an understanding that all parties had agreed to the legal custody judgment. In other words, the objection was that the magistrate's decision was explicitly based on a purported agreement and waiver of hearing rights that Father never knowingly, voluntarily, and intelligently made. The trial court accepted counsel's rationale as a reason for vacating the legal custody decision and setting the matter for a contested hearing on the child's best interest.

{¶14} The trial court converted Father's objection to a Civ.R. 60(B) motion, however, based on its understanding that Father had not filed a proper objection because he did not point to any error by the magistrate based on the facts presented at the hearing. Juv.R. 40(D)(3) does not explicitly require that the basis for an objection be limited to errors by the magistrate and this Court is unaware of any legal authority that requires Juv.R. 40 (D)(3) to be construed in that matter.

{¶15} Juv.R. 40(D)(3)(b)(ii) merely requires that an objection to a magistrate's decision "be specific and state with particularity all grounds for objection." In this case, trial counsel pointed to her own error during the hearing by inadvertently representing that Father agreed to

the disposition. As the decision was solely based on the parties' purported agreement, Father's counsel pointed to a defect that undermined the integrity of these proceedings. Although the trial court noted that Father invited this error by failing to attend the hearing, she further observed that there would be limited prejudice to D.R. because the child would remain in the temporary custody of Grandmother. It was within the discretion of the trial court to sustain Father's objection.

{¶16} Because the trial court could have properly sustained Father's objection to the magistrate's decision, the GAL has failed to demonstrate reversible error by the trial court. The assignment of error is overruled.

III.

{¶17} The assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JULIE A. SCHAFER
FOR THE COURT

CALLAHAN, P. J.
CARR, J.
CONCUR.

APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO GUEST, Assistant Prosecuting Attorney, for Appellee.

AMBER CROWE, Attorney at Law, for Appellee.

EMILY HETE, Attorney at Law, for Appellee.