[Cite as *In re Estate of Phillips*, 2024-Ohio-1406.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA )

IN RE: ESTATE OF RICHARD N. PHILLIPS

C.A. No. 2023CA0035-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No. 2021-06-ES-00383

DECISION AND JOURNAL ENTRY

Dated: April 15, 2024

FLAGG LANZINGER, Judge

**{¶1}** The Executrix for the Estate of Richard N. Phillips appeals the judgment of the Medina County Court of Common Pleas, Probate Division. This Court affirms.

I.

**{¶2}** Decedent Richard N. Phillips died testate on May 7, 2021. His will was admitted to probate on June 21, 2021, naming his daughter Brianna Adams as Executrix and as one the beneficiaries.

**{¶3}** Pertinent to this appeal, Mr. Phillips' will directed the Executrix "to set aside the sum of $50,000.00 to be used for the college education of [his] grandson Joey Slick." Item I also indicated that, "[i]f [Joey] does not attend college, this bequest shall lapse." When the will was drafted, Joey was a teenager. At the time of Mr. Phillips' death, Joey was eighteen, had just completed high school, and was "training to be an EMT/firefighter."

{¶4}    The will's term seemed to create a testamentary trust, with no provision for a trustee or the trust's terms. Consequently, the Executrix filed a "Motion for Ruling on Terms of Testamentary Trust." In the motion, the Executrix sought guidance regarding the trust's terms including who should be the trustee. A magistrate held a hearing to address the Executrix's motion.

{¶5}    At the hearing, the parties jointly agreed that a testamentary trust was the "best way to carry out the provision" of the will and that Joey's Aunt, Maryann Chandler, should serve as trustee.  Having agreed that the will created a trust, the focus of the hearing shifted to the trust's specific provisions. The will's provision did not set a time period for Joey to use the money for college.   The Executrix advocated for a timeframe of "ten years or less" for Joey's college attendance, proposing that unused funds should then revert to the estate's residuary. At the conclusion of the hearing, the Magistrate ordered the parties to file proposed language for the trust provisions within fourteen days.

{¶6}    The magistrate's decision  found that the will created a testamentary trust. The magistrate's decision appointed Joey's aunt and attorney, "Maryann C. Chandler," as the trustee. Additionally, the magistrate's decision ordered that the trust would remain active throughout Joey's lifetime, stipulating, "[i]f Joey has attended college during his lifetime or prior to any incapacity, to any extent, the initial Trust bequest shall not lapse." Theoretically, under this provision, Joey could attend college for one day and his estate would receive the entire $50,000.

{¶7}    The Executrix filed an objection to the magistrate's decision, specifically challenging the Magistrate's determination that the trust would remain active throughout Joey's lifetime. She argued the trust provision contradicted the will's implied intention that Joey have a reasonable amount of time to attend college.   She asserted that a ten-year limit for Joey to use the bequest for his education was reasonable. Her objection did not challenge the creation of the trust

or the appointment of Maryann Chandler as trustee, both of which were actions she had earlier recommended. Her objection did not challenge any of the other trust provisions.

{¶8} The trial court denied the Executrix's objection and adopted the magistrate's decision. The Executrix now appeals raising one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

**THE COURT ERRED WHEN IT CONSTRUED THE *RESIDUARY CLAUSE* EFFECTING THE BEQUEST OF ITEM I LAPSED IF THE BENEFICIARY ATTENDED COLLEGE, THEREBY ENABLING THE FUNDS NOT USED FOR HIS COLLEGE EDUCATION TO BE HELD FIN [sic] TRUST AND ULTIMATELY DELIVERED TO HIS ESTATE'S BENEFIT AND ERRED IN NAMING A TRUSTEE, CREATING A TRUST, SETTING UP TRUST RULES, SORTING OUT POSSIBLE CONTINGENCIES, THEREBY VOIDING THE LAPSE PROVISION. (Emphasis sic.)**

{¶9} In her sole assignment of error, the Executrix presents three arguments. First, she contends that the trial court erred by ordering that the trust's funds do not revert to the estate's residuary if Joey ever attends college. Second, the Executrix challenges the creation of the trust itself. Third, she argues that the court erred by making Maryann Chandler the trustee. We disagree.

{¶10} "Generally, this Court reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion." *In re L.M.W.*, 9th Dist. Summit No. 29670, 2020-Ohio-6856, ¶ 9, citing *Fields v. Cloyd*, 9th Dist. Summit No. 24150, 2008-Ohio-5232, ¶ 9. However, "[i]n so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 18. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶11} "An appellate court reviews the decision of the probate court to construe the language of a will on a de novo basis as a matter of law." (Emphasis omitted.) *Bogar v. Baker*, 7th

Dist. Mahoning No. 16 MA 1038, 2017-Ohio-7766, ¶ 13, citing *Belardo v. Belardo*, 187 Ohio App.3d 9, 2010-Ohio-1758, ¶ 7 (8th Dist.); *Church v. Morgan*, 115 Ohio App.3d 477, 481 (4th Dist.1996). However, Civ.R. 53(D)(3)(b)(ii) provides that "[a]n objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." Moreover, Civ.R. 53(D)(3)(b)(iv) states that "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." It is well settled that the failure to specifically raise an argument in an objection to a magistrate's decision results in forfeiture of that argument on appeal. *Johns v. Johns*, 9th Dist. Summit No. 26393, 2013-Ohio-557, ¶ 17. Furthermore, when a party fails to set forth a plain error argument in their merit brief, this Court will not create a plain error argument on their behalf. *See Horak v. Decker*, 9th Dist. Summit No. 28731, 2018-Ohio-3659, ¶ 29.

{¶12} Here, the Executrix's arguments are not well taken. As noted above, an objection to a magistrate's decision must be "be specific and state with particularity all grounds for objection." Civ.R. 53(D)(3)(b)(ii). While the Executrix objected on the basis that the magistrate failed to define a time limit for the use of the bequest, she did not specifically object to the creation of the trust, or the appointment of Maryann Chandler as trustee. Additionally, the Executrix did not object the Magistrate's interpretation that the bequest for Joey's education would not lapse if he attended college at any time during his lifetime.

{¶13} Accordingly, the Executrix has forfeited all but plain error on appeal. *See Johns* at ¶ 17. Furthermore, as the Executrix has not set forth a plain error argument in her merit brief, we

5

decline to create one on her behalf. *See Horak* at ¶ 29. The Executrix's sole assignment of error is overruled.

III.

{¶14}  The judgment of the Medina County Court of Common Pleas, Probate Division, is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JILL FLAGG LANZINGER
FOR THE COURT

STEVENSON, P. J.
CONCURS.

SUTTON, J.
DISSENTING.

{¶15} I respectfully dissent from the judgment of the majority. I would reverse the trial court's decision as plain error to the extent it created a new residuary clause for any remaining proceeds of the $50,000.00 bequest not used for Joey's college education, which is contrary to Mr. Phillips' intent as stated in his Last Will and Testament. Although Appellant did not initially identify her argument as "plain error" until naming it so in her reply brief, Appellant set forth a plain error argument throughout her briefing regarding the trial court's creation of a residuary clause that allows the $50,000 to be used by persons other than Joey for reasons other than Joey's education.

{¶16} Mr. Phillips' Last Will and Testament states, in relevant part: "I direct my Executrix to set aside the sum of $50,000.00 to be used for the college education of my grandson Joey Slick. If he does not attend college, this bequest shall lapse. * * * I give, devise and bequeath all the rest residue and remainder of my estate, * * * to my son Eric James Phillips and my daughter Brianna Lynn Adams, in equal amounts, share and share alike, absolutely and in fee simple, per stirpes." Further, Mr. Phillips named his daughter, Brianna Lynn Adams, as Executrix of his Last Will and Testament. As Executrix, Ms. Adams filed a motion seeking guidance from the trial court as to whether a testamentary trust could be formed to administer Mr. Phillips' bequest of $50,000.00 to his grandson, Joey, for Joey's college education.

{¶17} The interested parties, or their attorneys, attended a hearing on Ms. Adam's motion. At the hearing, the parties discussed issues relating to the creation of the trust, including whether a reasonable time limitation should be placed upon Joey for utilizing the $50,000.00 for his college education. The parties disagreed about instituting a time limitation, and they also disagreed about the definition of "college" and whether Joey could utilize the money to pay for trade school or the

like. The parties, along with the magistrate, also debated the issue of when or if the bequest would "vest" such that it could not lapse.

    1.      In resolution of Ms. Adams' motion, a magistrate of the trial court ordered:

    2.      Maryann C. Chandler shall serve as the initial trustee. Ms. Chadler shall serve without bond.

    3.      In the event of Ms. Chandler's death, incapacity, or resignation, the [c]ourt shall appoint a successor trustee.

    4.      The [t]rust shall provide for payment of expenses for Joey's attendance at college, graduate school, community college, trade school, or any other educational program which advances his education, career or earning ability.

    5.      The [t]rust shall continue for Joey's lifetime.

    6.      The [t]rust shall terminate upon the following events:[1] [t]he death of Joey; [2] the permanent and total incapacity of Joey such that he is unable to attend any college education; or [3] Joey's voluntary decision in writing to the [t]rustee that he will not attend college and renunciation of the [t]rust proceeds.

    *7.      If Joey has attended college during his lifetime or prior to any incapacity, to any extent, the initial [t]rust bequest shall not lapse. After payment of his educational expenses, the funds shall be paid to Joey's guardian, power of attorney[,] agent, or the estate of Joey as applicable.*

    8.      If Joey has not attended college during his lifetime, then the [t]rustee shall pay the funds to Eric James Phillips and Brianna Lynn Adams in equal amounts, share and share alike, absolutely and in fee simple, per stirpes as per the decedent's will. In the event one or both of the foregoing are deceased, then the funds shall be paid pursuant to their estate[s].

(Emphasis added.) Ms. Adams, in her capacity as Executrix, objected to the magistrate's decision to the extent it ordered the trust to continue for Joey's lifetime without ordering a reasonable time limitation for Joey to utilize the $50,000.00 for his college education. Ms. Adams, however, did not object to other aspects of the magistrate's decision. The trial court denied Ms. Adams' objections and adopted the magistrate's decision as an order of the court.

**{¶18}** "When a party has not filed objections to a magistrate's decision and the trial court has entered judgment, appellate review is limited to plain error analysis." *O'Connor v. Trans World Servs., Inc.*, 10th Dist. Franklin No. 05AP-560, 2006-Ohio-2747, ¶ 11. The doctrine of plain error "may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, *seriously affects the basic fairness, integrity, or public reputation of the judicial process*, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, syllabus (1997). (Emphasis added.)

**{¶19}** Here, the trial court's decision affected the basic fairness and integrity of the judicial process by completely disregarding the testator's intent, as stated in his Last Will and Testament, that if Joey does not attend college, the $50,000.00 bequest shall lapse. Indeed, in determining a testator's intent, the well-settled rules are:

"1. In the construction of a will, the sole purpose of the court should be to ascertain and carry out the intention of the testator.

"2. Such intention must be ascertained from the words contained in the will.

"3. The words contained in the will, if technical, must be taken in their technical sense, and if not technical, in their ordinary sense, unless it appears from the context that they were used by the testator in some secondary sense.

"4. All the parts of the will must be construed together, and effect, if possible, given to every word contained in it."

*In re Est. of Baker*, 9th Dist. Lorain No. 07CA009113, 2007-Ohio-6549, ¶ 8, quoting *Ohio Natl. Bank of Columbus v. Adair*, 54 Ohio St.2d 26, 30 (1978). Clearly, based upon the actual words used in his Last Will and Testament, Mr. Phillips intended to provide $50,000.00 to be used to pay for Joey's college education. Additionally, based upon the actual words used in his Last Will and Testament, Mr. Phillips intended that any portion of the $50,000.00, not used for Joey's college

education, would lapse into the residuary estate and be equally divided between his son and daughter, the two residuary beneficiaries. Mr. Phillips expressed absolutely no intent for Joey's guardian, power of attorney, agent, or estate to benefit from any remaining portion of the $50,000.00, not used to pay for his college education. Further, Mr. Phillips only intended for *Joey* to use the $50,000.00 for the specific purpose to pay for *Joey's* college education.

{¶20} Thus, because the trial court blatantly disregarded Mr. Phillips' intent regarding the $50,000.00 bequest and the residuary estate, and created arbitrary provisions granting a posthumous benefit to Joey's estate or possibly a benefit to other unknown individuals such as a guardian, power of attorney, or agent during Joey's lifetime, this is that extremely rare case wherein the trial court committed plain error.

APPEARANCES:

L. RAY JONES, Attorney at Law, for Appellant.

STEPHEN J. BROWN, Attorney at Law, for Appellant.
JAMES A. AMODIO, Attorney at Law, for Appellee.

MARYANN C. CHANDLER, Attorney at Law, for Appellee.