[Cite as *Proamerica v. Copley Tire*, 2025-Ohio-245.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

PROAMERICA REAL ESTATE, LLC

    Appellee

    v.

COPLEY TIRE & AUTO REPAIR, LLC

    Appellant

C.A. No.     31107

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV-2022-08-2735

DECISION AND JOURNAL ENTRY

Dated: January 29, 2025

---

STEVENSON, Presiding Judge.

{¶1} Defendant-Appellant Copley Tire & Auto Repair, LLC ("Copley Tire") appeals the order of the Summit County Court of Common Pleas overruling its objections to the magistrate's decision that granted judgment in favor of Plaintiff-Appellee Proamerica Real Estate, LLC ("Proamerica"). For the reasons set forth below, we affirm.

I.

{¶2} The record of the proceedings below reflects the following undisputed facts. Sometime in 2021, Proamerica acquired an interest in real estate known as 447-449 North Hawkins Avenue, Akron, Ohio, that included a storage unit designated as 453-B (the "Property"). At the time Proamerica acquired ownership of the Property, Copley Tire had been renting and occupying it for approximately ten years. Copley Tire is engaged in tire sales and automotive repairs and was using the Property to store tires and rims. Copley Tire had a month-to-month lease for $315 per month and was current on its rental obligations through July 2021.

**{¶3}** In July 2021, Proamerica's representative told Copley Tire's owner that Copley Tire's lease would terminate as of August 1, 2021, and that Copley Tire had to vacate as of that date. Proamerica considered Copley Tire to be in breach of the lease for failing to remove tires from the parking lot, which Proamerica considered to pose a fire hazard. When Copley Tire did not vacate by August 1, 2021, Proamerica changed the locks, admittedly without following the proper legal procedure.

**{¶4}** On August 10, 2021, Mr. Mansour Abusoufeh, Copley Tire's owner, went to the Property after an extended trip overseas. Upon arrival he found that the locks had been changed. He called the police who assisted him in gaining access to the Property by acquiring a working key from Proamerica. According to Mr. Abusoufeh, when he entered the Property, some of the inventory appeared to have been tampered with, and some inventory was missing. Mr. Abusoufeh did not remove any items and never re-entered the Property, desiring to preserve it in the condition he found it.

**{¶5}** On August 14, 2021, Proamerica posted a notice for Copley Tire to leave the premises. On August 24, 2021, Proamerica posted a three-day notice to vacate. When Copley Tire did not timely vacate, Proamerica filed an eviction action on October 5, 2021, in the Akron Municipal Court. Copley Tire counterclaimed for Proamerica's breach of the lease terms in locking Copley Tire out of the Property without permission and causing damage to its tires and rims.

**{¶6}** A hearing took place before the magistrate on February 9, 2022. The magistrate orally directed Proamerica to provide Copley Tire with a key to the Property. On February 10, 2022, the magistrate denied Proamerica's writ of eviction and continued the second cause. The trial court adopted the magistrate's decision.

{¶7} On February 28, 2022, Proamerica posted a 30-day notice of lease termination and a request for Copley Tire to vacate the Property. When Copley Tire did not vacate by March 31, 2022, as requested, Proamerica posted a three-day notice to leave the premises by April 6, 2022. Proamerica filed a second eviction action on April 14, 2022, in the Akron Municipal Court. Copley Tire answered and a hearing was scheduled. In May 2022, the two Akron Municipal Court cases were consolidated and a new hearing date was set.

{¶8} In June 2022, Copley Tire counterclaimed and moved to transfer the case to the Summit County Common Pleas Court on the basis that its damage claims exceeded the jurisdictional limits of the Akron Municipal Court. The motion was granted and the case proceeded thereafter in the Summit County Court of Common Pleas. The parties amended their pleadings to include all their claims and defenses from both actions.

{¶9} The parties reached an agreement as to Proamerica's eviction claim. Pursuant to the trial court's December 14, 2022, order memorializing that agreement, Copley Tire "shall surrender possession of [the Property] back to [Proamerica] . . . [and] shall have ten days from the date of this entry to retrieve any items out of the unit." The order further stated that "[a]ny items left after the ten days shall be considered abandoned." Copley Tire never removed any of the items remaining at the Property and made no rental payments in 2022.

{¶10} Thereafter, Proamerica hired a tire disposal company to remove the tires from the Property at a total cost of $4,307.08. According to Mr. Abdelqader, Proamerica's representative, when he entered the Property after the tires were removed, he found trash from the tires strewn about and smelled urine and odors from rats. He also observed damage to the garage door/opener, the interior door, and glass window. In February 2023, Proamerica received a proposal from Elias

Landscape Construction ("Elias") that included estimates for trash cleaning ($1,100) and pest/rat control ($210). Proamerica hired Elias to complete the work.

{¶11} The case proceeded to a bench trial before the magistrate in September 2023 on Proamerica's claims for past due rent, the cost of tire disposal, and damages to the Property, and Copley Tire's counterclaim concerning Proamerica's actions in locking Copley Tire out of the Property and allegedly damaging Copley Tire's inventory. Mr. Abdelqader testified for Proamerica, and Mr. Abusoufeh testified on behalf of Copley Tire. Both parties' exhibits were admitted into evidence. At the conclusion of the hearing, both parties filed post-trial briefs. Attached to Proamerica's brief was the affidavit of its counsel, together with copies of supporting text messages between both counsel, attesting to the fact that he hand-delivered a key to the Property to counsel for Copley Tire on February 24, 2022. Copley Tire did not object or otherwise oppose the affidavit.

{¶12} The magistrate issued a decision concluding that: Copley Tire was not liable to Proamerica for rental payments due during the lockout period from August 2021 through February 2022; Proamerica was entitled to unpaid rent in the amount of $3,150 for the ten-month period after Copley Tire regained possession until the date specified in the court's order (beginning of April 2022 until December 24, 2022); Proamerica was entitled to $4,307.08 from Copley Tire as compensation for the disposal costs of the abandoned tires left inside the Property; Copley Tire was liable to Proamerica in the amount of $1,310 for the expense Proamerica incurred in removing the trash and remedying the rat problem; Copley Tire was not liable to Proamerica for the costs of replacing the garage door/opener, interior door, or glass window; and Proamerica was not liable to Copley Tire on Copley Tire's counterclaim because Copley Tire did not present sufficient

evidence quantifying its alleged damages. The magistrate granted judgment in favor of Proamerica in the total amount of $8,767.08 with interest and court costs.

{¶13}  Copley Tire timely objected to the magistrate's decision.  Proamerica responded in opposition. The trial court adopted the magistrate's decision, overruled Copley Tire's objections, and entered judgment in Proamerica's favor in the amount of $8,767.08 plus interest. The trial court concluded that upon an independent review of the magistrate's decision and Copley Tire's objections, the magistrate properly determined the factual issues and appropriately applied the law.

{¶14}  Copley Tire timely appealed and asserts five assignments of error for our review.

II.

### ASSIGNMENT OF ERROR I

**THE TRIAL COURT ABUSED ITS DISCRETION, ERRED AS A MATTER OF LAW, AND COMMITTED PLAIN ERROR WHEN I[T] FOUND [COPLEY TIRE] LIABLE TO [PROAMERICA] FOR RENT FROM MARCH 2022 TO DECEMBER 2022 WHEN [PROAMERICA] DID NOT MEET ITS BURDEN TO ESTABLISH DAMAGES, AND THE COURT BASED ITS DECISION [ON] FACTS NOT IN EVIDENCE IN VIOLATION OF [COPLEY TIRE'S] CONSTITUTIONAL RIGHTS.**

### ASSIGNMENT OF ERROR V

**THE TRIAL [COURT] ABUSED ITS DISCRETION AND COMMITTED PLAIN ERROR WHEN IT ORDERED [COPLEY TIRE] LIABLE [FOR] DAMAGES IN THE AMOUNT OF $4,307.08 FOR DISPOSAL OF TIRES AT [THE PROPERTY] WHEN [PROAMERICA] CAME TO COURT WITH UNCLEAN HANDS.**

{¶15}  Copley Tire's first and fifth assignments of error will be addressed in a consolidated fashion for ease of analysis as they both hinge on the same issue.

{¶16}  In its first assignment of error, Copley Tire asserts that the trial court erred and violated its constitutional rights in holding that Proamerica was entitled to back rent from March 2022 to December 2022 because Proamerica failed to establish at trial that a key to the Property

was ever provided to Copley Tire. Copley Tire argues that the trial court's ruling was based upon facts not in evidence. In its fifth assignment of error, Copley Tire argues that the trial court erred in ordering it to pay damages for the tire disposal despite Proamerica's "reprehensible" conduct in locking Copley Tire out of the Property and damaging its inventory. Copley Tire alleges that this misconduct falls under the doctrine of unclean hands and bars Copley Tire from recovering damages.

{¶17} With respect to both assignments of error, Copley Tire raises issues on appeal that it did not raise before the trial court in its objections to the magistrate's decision. In its objections, Copley Tire did not raise any constitutional issues nor contest any evidence regarding when the key was provided, nor did it raise unclean hands as a defense to the tire disposal costs.

{¶18} Civ.R. 53 governs matters heard by a magistrate in a civil matter. Civ.R. 53(D)(3)(b)(iv) states in particular:

> Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

{¶19} It is well-established that failure to raise an argument in an objection to a magistrate's decision results in a forfeiture of that argument on appeal except for plain error. *In re Estate of Phillips*, 2024-Ohio-1406, ¶ 11 (9th Dist.). While plain error may be argued on appeal for any arguments that were forfeited, "when a party fails to set forth a plain error argument in their merit brief, this Court will not create a plain error argument on their behalf." *Id*.

{¶20} Here, Copley Tire acknowledges that it has forfeited all but plain error. However, it does not develop a plain error argument in its merit brief and we will not create one on its behalf. *Id*. Hence, Copley Tire's first and fifth assignments of error are overruled.

**ASSIGNMENT OF ERROR II**

**THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW WHEN IT FOUND THAT [COPLEY TIRE'S] OBJECTIONS TO THE MAGISTRATE'S DECISION FINDING [COPLEY TIRE] LIABLE FOR TEN MONTHS OF UNPAID RENT FOR MARCH 2022 TO DECEMBER 2022 IN THE AMOUNT OF $3,150.00 WERE GENERAL AND NOT SPECIFIC.**

**ASSIGNMENT OF ERROR III**

**THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW WHEN IT FOUND [COPLEY TIRE] LIABLE TO [PROAMERICA] FOR RENT FROM MARCH 2022 TO DECEMBER 2022 WHEN [PROAMERICA] CAME TO COURT WITH UNCLEAN HANDS.**

**{¶21}** Copley Tire's second and third assignments of error will also be addressed together for ease of analysis because they both allege that the doctrine of unclean hands prohibits Proamerica from receiving any award for unpaid rent payments in this case.

**{¶22}** In its first objection to the magistrate's decision, Copley Tire argued that the magistrate erred and abused his discretion in finding that Copley Tire was liable to Proamerica for unpaid rent in the amount of $3,150. In overruling that objection, the trial court found that Copley Tire did not specifically object to any of the findings of fact or conclusions of law, and that its objection was a general rather than a specific objection. In so finding, the trial court presumably relied on Civ.R. 53(D)(3)(b)(ii), which states that "[a]n objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." The court ultimately found that "the $1,150 (sic) is adequately explained in the Magistrate's findings of fact and conclusions of law, and that his findings and conclusions are reasonable."

**{¶23}** Copley Tire argues in its second assignment of error that the trial court's finding that its objection was general and not specific constitutes error and should be overruled. Under its third assignment of error, Copley Tire argues that the trial court abused its discretion in adopting

the magistrate's decision granting judgment to Proamerica for $3,150 in unpaid rent because the doctrine of unclean hands bars relief. Copley Tire argues that Proamerica unlawfully locked Copley Tire out of the Property at a time when Copley Tire was current on its rent, and failed to establish the date a key was returned to Copley Tire. Copley Tire maintains that because of Proamerica's bad faith actions and unlawful conduct, the trial court's order is inequitable, arbitrary, and unreasonable.

{¶24} Objections to a magistrate's decision are governed by Civ.R. 53. Pursuant to Civ.R. 53(D)(4)(d),

> If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law.

{¶25} This Court generally reviews a trial court's decision to adopt a magistrate's decision for an abuse of discretion. *Tabatabai v. Tabatabai*, 2009-Ohio-3139, ¶ 17 (9th Dist.). "Under this standard, we must determine whether the trial court's decision was unreasonable, arbitrary, or unconscionable–not merely an error of law or judgment." *Id*., citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). As we have previously stated,

> we must consider . . . whether the trial court abused its discretion by determining that the findings of the magistrate were supported by the weight of the evidence. Because this is a civil case, the appropriate determination was whether the magistrate's decision was supported by some competent, credible evidence.

(Internal citations and quotations omitted.). *Tabatabai* at ¶ 18.

{¶26} Since *Blakemore*, the Ohio Supreme Court has provided additional guidance about the nature of an abuse of discretion:

> Stated differently, an abuse of discretion involves more than a difference in opinion: the term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. For a court of appeals to reach an abuse-of-discretion determination, the trial court's judgment must be so

profoundly and wholly violative of fact and reason that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.

(Internal citations and quotations omitted.) *State v. Weaver*, 2022-Ohio-4371, ¶ 24. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶27} Turning first to Copley Tire's second assignment of error, it argues that its objection "refers to specific findings by the magistrate." In support, Copley Tire points to the memorandum in support of its objection wherein it alleges that "the [m]agistrate erred and abused his discretion in granting [Proamerica] judgment for back rent after the lockout." It further states that its memorandum in support "analyzes the doctrine of unclean hands, which indicates the basis upon which the objection was filed[,] [and] [t]hus, it satisfies the requirement of Civ.R. 53(D)(3)(b)(ii) . . . ."

{¶28} Assuming without deciding whether Copley Tire specifically objected and the trial court erred by applying the wrong standard, Copley Tire does not meet its burden of showing how it was harmed by that alleged error; that is, how the record supports that Proamerica had unclean hands regarding the unpaid rent.

{¶29} As the appellant in this matter, it is Copley Tire's burden to show that the trial court abused its discretion in adopting the magistrate's decision with arguments that make appropriate references to the record and relevant legal authorities. App.R. 12(A)(2); App.R. 16 (A)(7). While Copley Tire states in its brief that our standard of review is abuse of discretion and alleges in the text of its second and third assignment of error that the trial court abused its discretion, it does not develop an abuse of discretion argument in its analysis. Copley Tire's argument makes no references to the record whatsoever, nor does it argue why the magistrate's decision is so

"profoundly and wholly violative of fact and reason that it evidences not the exercise of will but perversity of will[.]" *Weaver*, 2022-Ohio-4371, at ¶ 24. In sum, Copley Tire does not tell this Court why the trial court's decision meets the abuse of discretion standard. "Where an appellant fails to develop an argument in support of his assignment of error, this Court will not create one for him." *State v. Franks*, 2017-Ohio-7045, ¶ 16 (9th Dist.).

{¶30} Copley Tire does make a generalized legal argument and cites *Thomas v Papadelis*, 16 Ohio App.3d 359 (9th Dist.) in support of its claim that the doctrine of unclean hands prohibits Proamerica from collecting unpaid rent. In *Thomas*, a residential landlord used self-help to lock out tenants after filing a three-day notice but before being granted a writ of restitution. *Id.* We concluded that this violated R.C. 5321.15(A)(Landlord of residential premises denied certain remedies) and that the landlord's argument the tenants had unclean hands failed. *Id* at 360. In the instant case, the lease in question is a commercial lease so R.C.5321.15(A) does not apply. Second, the tenants here are attempting to use unclean hands against the landlord, the exact opposite of the facts in *Thomas* where the landlord alleged unclean hands against the tenant. Lastly, the alleged unclean hands in *Thomas* involved the landlord improperly using self-help to attempt to restore himself to the property. Here, the eviction in which Proamerica used self-help ended in February 2022 with a denial of the writ, and thus, with no restitution of the property to Proamerica. Copley Tire's damages claim arose from the second eviction in which there were no allegations of self-help.

{¶31} Furthermore, Copley Tire dedicates its entire analysis of the unclean hands defense to Proamerica's behavior that was the basis of the denial of Proamerica's writ in the first eviction case. The magistrate's decision confirmed that Copley Tire was not being held liable for rent during the lockout period in the first case, stating "being put out of possession of [the Property]

during [August 2021 through February 2022], the Magistrate concludes that Copley Tire is not liable to Proamerica for any rental payments that might have come due during this period." Thus, it appears that the magistrate implicitly considered Copley Tire's unclean hands argument and found that it applied to unpaid rent during the first eviction without expressly mentioning unclean hands. The damages awarded in this case pertained to the second eviction that the parties ultimately agreed to, and therefore, it presumably met the statutory requirements. Additionally, Copley Tire does not point to any record evidence that Proamerica acted with unclean hands in the second eviction.

{¶32} Accordingly, based on the foregoing, any error by the trial court in concluding that Copley Tire's objection was general and not specific as alleged in Appellant's second assignment of error is harmless error that can be disregarded because Copley Tire did not meet its burden of proving that the trial court abused its discretion in adopting the magistrate's decision awarding $3,150 to Proamerica for back rent under its third assignment of error. *In re T.A.F.*, 2010-Ohio-3000, ¶ 19 (9th Dist.) (harmless error does not affect substantial rights, would have no impact on the outcome of the trial, and may be disregarded). Copley Tire's second and third assignments of error are overruled.

## ASSIGNMENT OF ERROR IV

**THE TRIAL COURT ABUSED ITS DISCRETION, ERRED AS A MATTER OF LAW, AND COMMITTED PLAIN ERR[OR] WHEN IT FOUND [] [COPLEY TIRE] LIABLE TO [PROAMERICA] FOR TRASH AND RAT INFESTATION DAMAGES ALLEGEDLY CAUSED IN [THE PROPERTY] IN THE AMOUNT OF $1,310.00 WHERE [PROAMERICA] FAILED TO PROVIDE SUFFICIENT EVIDENCE OF PURPORTED DAMAGES AND CONNECT [COPLEY TIRE] TO THE CONDITIONS.**

{¶33} The magistrate concluded that:

Proamerica presented sufficient evidence that Copley Tire generated the trash that was removed by Elias and that Copley Tire was responsible for creating the

conditions within [the Property] that necessitated the rat abatement measures. Therefore, the Magistrate concludes that Copley Tire is liable to Proamerica in the amount of $1,310.00 for the expense Proamerica incurred in removing the trash from [the Property] and in remedying the rat problem.

{¶34} In overruling Copley Tire's objection on this point, the trial court concluded that as "it is undisputed that Copley Tire had been renting the unit 'for a number of years' prior to Proamerica acquiring the [P]roperty in 2021, the court finds that the Magistrate's findings are supported by the evidence, including circumstantial evidence, and reasonable inferences."

{¶35} Copley Tire argues that the trial court erred in finding it liable for the trash and rat infestation because Proamerica failed to establish a connection between Copley Tire and the damage. Copley Tire alleges specifically that Proamerica failed to substantiate through testimony and photographs the condition of the Property both at the onset of Copley Tire's tenancy and immediately thereafter so as to link Copley Tire to the damage. Copley Tire theorizes that because the Property is located directly beneath a grocery store and a restaurant, those businesses could have been responsible for the trash and rats. Copley Tire also maintains that the proposal for the cost to remedy the purported damages was not an actual receipt, and therefore, did not establish that the $1,130 in damages were actually incurred by Proamerica.

{¶36} We incorporate by reference the abuse of discretion standard of review outlined above. We note as a threshold matter that Copley Tire did not argue in its objections to the magistrate's decision that Proamerica failed to establish the damages were actually incurred. Copley Tire's argument was limited to whether it was responsible for the damages. Therefore, the issue of whether the damages were actually incurred by Proamerica is forfeited absent plain error. Civ.R. 53(D)(3)(b)(iii); *In re Estate of Phillips*, 2024-Ohio-1406, at ¶ 11 (9th Dist.). Copley Tire has not developed a plain error argument and we will not create one for it. *In re Estate of Phillips*

at ¶ 11. Therefore, that argument is overruled. We turn now to the issue of Copley Tire's responsibility for the damages.

{¶37} A tenant has a common law duty to return leased premises in substantially the same condition as when received, but the landlord is not entitled to compensation for normal wear and tear. *Hague v. Saltsman*, 1989 WL 50691, *4 (9th Dist. May 10, 1989); *Hensel v. Childress*, 2019-Ohio-3934, ¶ 26 (1st Dist.). "[T]he landlord bears the burden of submitting sufficient evidence to link the damages to the tenant." *Kelley v. Johnston*, 2001 WL 1479243 (4th Dist. Nov. 14, 2001), *3. Copley Tire does not argue that the trash and rat problem constitute normal wear and tear such that Proamerica is not entitled to damages.

{¶38} It is undisputed that Copley Tire had been a tenant of the Property for several years prior to Proamerica owning it. Copley Tire's owner testified that he never returned to the Property after August 10, 2021, and did not take anything from the Property that day. Instead, he wanted to leave the Property in the condition he found it at that time. Copley Tire was locked out of the Property from August 14, 2021, through February 24, 2022. Copley Tire does not allege that Proamerica generated the trash and rat problem or that anyone else occupied the Property during that time. Pursuant to the December 14, 2022, order memorializing the parties' agreement, Copley Tire surrendered possession of the Property. In order to surrender possession, Copley Tire had to have actually had possession in the first instance. Thus, we presume Copley Tire had possession of the Property as of the trial court's December 14, 2022 order. Copley Tire agrees that it did not go back to the Property and remove its belongings and otherwise clean it before Proamerica was restored to the Property. The magistrate made a finding that Mr. Abdelqader found trash from tires strewn about when he entered the Property after the tires were removed by the disposal company, and that there was urine and odors from rats present in the unit. This finding is supported by the

testimony of Mr. Abdelqader who stated that he witnessed those conditions upon entry into the Property on December 24, 2022, the deadline for Copley Tire to remove its items. Copley Tire did not present any evidence to substantiate its claim that the grocery store and/or restaurant were responsible for the trash and rat odors or that it made any effort to return the Property to Proamerica in the condition Copley Tire received it. Therefore, the totality of the evidence, including circumstantial evidence and all reasonable inferences, supports the conclusion that Copley Tire was responsible for the trash and rat problem.

{¶39} Accordingly, based on the foregoing, we cannot conclude that the trial court trial court's judgment was "so profoundly and wholly violative of fact and reason that it evidences not the exercise of will but perversity of will" and constitutes an abuse of discretion. *Weaver*, 2022-Ohio-4371, at ¶ 24 (9th Dist.). The magistrate's decision was supported by competent, credible, evidence that Proamerica met its burden of proving that Copley Tire was responsible for the trash and rat problem. Copley Tire's fourth assignment of error is overruled.

III.

{¶40} Copley Tire's assignments of error are overruled. The order of the Summit County Court of Common Pleas that granted judgment to Proamerica in the amount of $8,767.08 is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

SCOT STEVENSON
FOR THE COURT

FLAGG LANZINGER, J.
CONCURS.

SUTTON, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

LYNDA HARVEY WILLIAMS and RENEE ROYAL-SPENCER, Attorneys at Law, for Appellant.

JACK MORRISON, JR. and JACK W. MORRISON, JR., Attorneys at Law, for Appellee.